IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

      **Plaintiff,**

v.                                               **No. CV 08-0427 MV/LAM**

CHRIS BARELA,
CHARLES GUFFEY,
KEVIN ANDERSON,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff John Paul Thomas' Motion for Temporary Injunction for Free Process, filed October 14, 2008 (Doc. 16); on his Motion for Leave to Amend Temporary Injection [sic] (Document Number 5), filed October 16, 2008 (Doc. 18); and on his Motion for Ruling, filed February 26, 2009 (Doc. 36).

Thomas's pro se prisoner suit, brought pursuant to 42 U.S.C. § 1983, relates to events allegedly occurring at the Dona Ana County Detention Center ("the DACDC") between October 2007 and April 28, 2008, when he filed his Complaint. *See* Doc. 1. By June 1, 2008, Thomas had been convicted and sentenced, and was transferred to another facility. *See* Doc. 7 (Thomas's notice of change of address); Doc. 22 (Amended Complaint). The only named Defendants in this case are Chris Barela, the administrative director of the DACDC, and Charles Guffey and Kevin Anderson, who were both employees of Prison Health Services, an independent contractor that provides medical services at the DACDC. *See* Doc. 22.

In his first Motion for Temporary Injection [sic], filed when Thomas was still at the DACDC, Thomas asked the Court to "forc[e] the [DACDC] and thus indirectly the defendant to provide the plaintiff with access to a law library and photocopy machine." Doc. 5 at 1. In denying that motion

as moot, the Magistrate Judge in this case noted that Thomas "now appears to be incarcerated in Hobbs, New Mexico." Doc. 14, at 1.

Thomas' second motion for injunctive relief complains about the New Mexico Corrections Department's ("NMDC") alleged policies and practices regarding the charging of copy fees[1], and he requests an order directing the NMDC to provide him with "access to photocopies free of charge." Doc. 16 at 2. And in his Motion to Amend filed on October 16, Thomas asks the Court to amend both of his motions for injunctive relief (including the one that has already been denied) to be "altered to read against the New Mexico Corrections Department." Doc. 18 at 2. Thomas attached to that motion an amended motion requesting injunctive relief mandating that the NMDC provide him with access to "digests, caselaw, statutes, codes, rules of court/procedure for state and federal levels." Doc. 18 at 7. The NMDC is not a party to this suit, however, and will not have the opportunity to respond to Thomas's requests for injunctive relief, and none of the currently named Defendants can respond regarding what is occurring at another NMDC facility, speak for the NMDC

---

[1] Contrary to Thomas's contention that the NMDC has a policy of not photocopying qualified legal materials unless a prisoner has sufficient funds in his prisoner account to pay for the copies, the NMDC policy to which he refers actually provides that its facilities will not photocopy "any documents if it is determined that the inmate's account balance is insufficient to cover the entire service charge **and** any hold placed on the inmate's account for the services would cause the inmate to owe the Department an amount exceeding $300.00." CD-121201 at 2 (emphasis added). If an NMCD employee is refusing to photocopy qualified legal materials in contravention of this policy, Thomas must grieve that refusal to higher authorities as provided by the NMCD policies before turning to the courts for assistance. *See* CD-121001 at 7 ("If the issue involves § 1983 civil rights or conditions of confinement, the inmate shall have first attempted to resolve the issue through the inmate grievance process, in accordance with Policy *CD-150500*, Inmate Grievances. The inmate shall attach a copy of the final disposition of the grievance to the initial request for assistance. [] If the inmate has not attempted to resolve the issue through the inmate grievance process, the designated staff shall notify the inmate that the court may dismiss the inmate's suit if the inmate fails to exhaust the administrative remedies available through the inmate grievance system."). All of these policies are available through each prison's library and designated legal-access employee.

regarding its policies or legal-research facilities at the facility where Thomas is currently incarcerated, or provide the relief that Thomas requests. *See Lewis v. Casey*, 518 U.S. 343, 361-63 (1996) (explaining that the court must consider input from state prison authorities when deciding a motion for injunctive relief based on the prison's legal-research facilities). The Court must, therefore, deny his motions.

If Thomas decides in the future to file a separate complaint against the NMDC for injunctive relief, the Court reminds him of the following principles regarding inmate access to the courts. The Supreme Court has made clear that "the Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts-a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.* at 360 & n.7 (rejecting the idea "that lack of access to adequate library facilities qualifies as relevant injury in fact"). That Thomas has successfully filed his § 1983 action and has obtained free service of process establishes that the New Mexico prisons where he has been confined have not impaired his right to access to the courts. *See id.* at 356 (stating that prisoners are only conferred with the "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts," which is the "capability of filing suit").

Regarding his claim that he should be provided access to a full law library so that he can do research to further support his claims, the Supreme Court has held that the fact that inmates have a right to *access* the courts

> does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . . The tools [the Court's prior opinion in *Bounds v. Smith*, 430 U.S. 817 (1977)] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

incarceration.

*Id.* at 355.  Thomas has presented evidence that the NMDC makes available to inmates the state, federal, and local federal rules of civil procedure, the state statutes, the Constitution, the relevant federal statutes for prisoner cases, and several treatises on the law of prisoner's rights.  *See* Doc. 27, Att. 6 (NMDC policy 121001.B listing resources provided to inmates).  The treatises contain citations to relevant case law regarding § 1093 actions.  These resources should be sufficient to assist Thomas in litigating his § 1983 claims, and the Court takes judicial notice of the NMDC policies to which Thomas refers.  The NMDC has procedures[2] by which an inmate may request these resource materials if they are not readily available in a particular detention-center's library or if he is in protective custody or segregation, and, as mentioned *supra*, if they are not provided when properly requested or if an inmate is not being allowed access to materials on the resource list, the inmate must properly grieve the denial to higher authorities before he may bring suits for injunctive relief in the courts[3].

Although Thomas contends that he has not been given access to legal materials, the documents he has presented do not indicate that he has made specific requests for materials on the NMDC's resource list.  If Thomas needs a copy of the federal appellate rules for an appeal, he

---

[2]  Thomas admits and demonstrates that he has access to the NMDC's policies, procedures, and forms regarding inmates' rights to obtain legal materials and photocopying.

[3]  Inmates must make the request to visit the law library, to access specific legal resources, or to obtain photocopies of qualified legal materials by filling out CD-121001.1, which is available through each prison's designated employee in the prison's library or education center; an oral request will not suffice.  Thomas has not attached to his motions for injunctive relief any evidence that he has filled out this form or that he has grieved any decisions to the next level.  In any future suit for injunctive relief he would have to demonstrate that he properly exhausted all of his prison's administrative remedies before filing suit.

should specifically request access to a copy of those rules on that form.  As the Supreme Court has admonished, "the strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors . . . also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons[]" including errors in giving inmates access to legal materials or to the courts.  *Lewis*, 518 U.S. at 362 (internal quotation marks and bracket omitted).

**IT IS ORDERED** that the Plaintiff's Motion for Temporary Injunction for Free Process, (Doc. 16) is DENIED;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Amend Temporary Injection [sic] (Document Number 5) (Doc. 18) is DENIED; and

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Ruling (Doc. 36) is DENIED as MOOT.

**DATED** this 31st day of March, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*
John Paul Thomas, pro se
#68489
6900 W. Miller Dr.
Hobbs, NM 88244

*Attorney for Defendant Chris Barela:*
John W. Caldwell
P.O. Box 1405
Fairacres, NM 88033-1405