IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JOHN PAUL THOMAS,**

      **Plaintiff,**

v.                                       **No. CV 08-0427 MV/LAM**

**CHARLES GUFFEY,**
**KEVIN ANDERSON,**

      **Defendant.**


**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S**
*MOTION FOR ORDER FOR THE DISCLOSURE OF DEFENDANT (Doc. 50)*

This matter is before the Court on Plaintiff's *Motion for Order for the Disclosure of Defendant (Doc. 50)*, filed May 20, 2009. Defendant Anderson has not been served with process in this case, and Plaintiff asks the Court "pursuant to the Federal Rules of Civil Procedure 26(a)(1)(A)(i) to order Defendant Charles Guffey to disclose to the Court Defendant Kevin Anderson's whereabouts." *Motion for Order for the Disclosure of Defendant (Doc. 50)* at 1. On May 21, 2009, Defendant Guffey filed *Defendant Charles Guffey's Response to Plaintiff's Motion for Order for the Disclosure of Defendant (Doc. 52)*, objecting to Plaintiff's motion. Having reviewed the motion, response, the record in this case and relevant law, the Court **FINDS** that this motion is not well-taken and should be **DENIED without prejudice**.[1]

---

[1] On May 21, 2009, Plaintiff filed a *Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court (Doc. 55)*, which appears to be an appeal of the Court's *Memorandum Opinion and Order (Doc. 38)* which denied Plaintiff's *Motion for Temporary Injunction for Free Process (Doc. 16)*, *Motion for Leave to Amend Temporary Injection [sic] (Court Document Number 5) (Doc. 18)*, and *Motion for Ruling and Judgment on the Motion for Temporary Injunction for Free Process (Doc. 16) and Motion for Leave to Amend Temporary Injection [sic] (Doc. 18) (Doc. 36)*. The Court finds that Plaintiff's notice of appeal does not divest the Court of jurisdiction over Plaintiff's claims which are not involved in the appeal. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quotation and citations omitted) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and

(continued...)

Rule 26(a)(1)(A)(i) requires a party to disclose the address of an individual "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), *see also* advisory committee's note to the 2000 amendments ("The scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position."). Here, Plaintiff improperly attempts to use the rule to obtain information for initial service of process. Furthermore, as Defendant Guffey points out in his response to the motion, Plaintiff makes no allegation that he has complied with Rule 37(a)(1), which requires the movant to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Therefore, the motion will be denied without prejudice.

The Court recognizes that it is within its discretion to allow discovery in § 1983 proceedings brought by *pro se* prisoner litigants. *See* D.N.M. LR-Civ. 16.3(d). Because the Court has been unable to ascertain Defendant Anderson's whereabouts, the Court will allow Plaintiff to propound interrogatories to Defendant Guffey, limited exclusively to the issue of Defendant Anderson's current address for service of process. *See* **Order for Personal Service of Process** *(Doc. 32)* (ordering personal service on Defendant Anderson when no waiver of service was returned to the Court after initial attempt at service), and **Order to Cure Deficiency** *(Doc. 44)* (ordering Plaintiff to provide a current address for Defendant Anderson when the personal service resulted in a return stating that Defendant Anderson is no longer at the Doña Ana County Detention Center and may be deceased).

---

[1](...continued)
divests the district court of its control over those aspects of the case involved in the appeal."), and *Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990) (citations omitted) ("In interlocutory appeals . . . the district court retains jurisdiction to act on matters not involved in the appeal.").

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order for the Disclosure of Defendant (Doc. 50)*, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may propound interrogatories to Defendant Guffey, limited exclusively to the issue of Defendant Anderson's current address for service of process.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**