## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


JOHN PAUL THOMAS,

      Plaintiff,

v.                                                    No. CV 08-0427 MV/LAM

CHARLES GUFFEY,
KEVIN ANDERSON,

      Defendants.


### ORDER GRANTING PLAINTIFF'S *MOTION TO CURE DEFICIENCY (Doc. 59)* and DENYING AS MOOT *PLAINTIFF'S MOTION FOR ORDER DIRECTING DEFENDANT CHARLES GUFFEY TO RE[-]MAIL HIS PLEADING AND MOTIONS (Doc. 60)*

      This matter is before the Court on Plaintiff's **Motion to Cure Deficiency** *(Doc. 59)*, filed June 3, 2009, and ***Plaintiff's Motion for Order Directing Defendant Charles Guffey to Re[-]mail his Pleading and Motions (Doc. 60)***, filed June 8, 2009.  In his motions, Plaintiff states that he is missing Documents 38, 40, 44, 48, 50, 51, 52, 53, and 54.  *See Docs. 59* and *60*.  In *Doc. 59*, Plaintiff asks that the Court "direct the Clerk of the Court to send the Plaintiff copies of the above documents." *Doc. 59* at 1.  Plaintiff also asks the Court to direct the Clerk to correct *Docs. 19* and *20* so that pages 2 and 3 of *Doc. 20* are filed as pages 3 and 4 of *Doc. 19*. *Id.* at 1-2.[1]  In *Doc. 60*, Plaintiff asks "the [C]ourt to [o]rder Defendant Charles Guffey to re[-]mail his pleadings and motions, properly marked legal mail, to the Plaintiff." *Doc. 60* at 2.  Plaintiff further asks that

---

[1]The Court notes that *Doc. 19* appears to be a letter from Plaintiff to the Court regarding obtaining copies, paper, and envelopes from the New Mexico Corrections Department, page 2 of *Doc. 20* appears to be a copy of a response from a New Mexico Corrections Department staff member to Plaintiff's request for legal supplies, and page 3 of *Doc. 20* appears to be a note from Plaintiff asking for 'this letter' to be filed in this case.

"the [C]ourt stay any ruling or judgment on the aforementioned documents until the Plaintiff has received copies of such with an adequate amount of time to file any necessary objections." *Id.* at 2.

The Court notes that its electronic docket shows that all of the documents Plaintiff states he has not received have been mailed to Plaintiff at his address of record. ***See Notices of Electronic Filing*** *(Docs. 38, 40, 44, 48, 50, 51, 52, 53,* and *54).*   Plaintiff has filed three ***Notices of Change of Address*** *(Docs. 7, 9, 10)* in this case, the latest of which was filed on September 2, 2008 (*see Doc. 10*).  All of the documents that Plaintiff states he has not received were mailed to Plaintiff's address of record after his latest change of address, and Plaintiff does not claim, nor does the Court's docket indicate, that Plaintiff's address has changed since September 2, 2008.  Even though Plaintiff should have copies of all of these documents, the Court will direct the Clerk to re-send these documents to Plaintiff.  The Court cautions the parties, however, that it will not provide any more duplicate copies of documents to Plaintiff which have already been served on him as shown on the Notices of Electronic Filing, absent a showing that Plaintiff's mail is not being delivered to him.  If the Court is presented with <u>evidence</u> that the prison's mailroom is failing to deliver Plaintiff's mail, the Court will direct Defendants to provide additional copies to Plaintiff if needed.

In addition, the Court finds no information in *Docs. 19* and *20* to indicate that they were filed any differently than how they were sent to the Court by Plaintiff.  Nevertheless, the Court will enter a note on the docket regarding *Docs. 19* and *20*, indicating that Plaintiff states that pages 2 and 3 of *Doc. 20* should be pages 3 and 4 of *Doc. 19*.

The Court notes that all of the documents filed by Defendant Guffey contain certificates of service stating that Defendant Guffey served the documents via certified mail to Plaintiff's address of record.  *See Doc. 51* at 9, *Doc. 52* at 3, *Doc. 53* at 3, and *Doc. 54* at 5 (*Doc. 50* was filed by Plaintiff and a copy was mailed to him by the Court).  Because the Court is directing the Clerk to

re-send the documents which Plaintiff states he is missing, including the documents filed by Defendant Guffey, there is no need for Defendant Guffey to re-send his pleadings, and, therefore, Plaintiff's request in *Doc. 60* is denied as moot.  The Court will not enter any rulings on *Docs. 51, 52, 53* or *54*, for two weeks after entry of this order, which allows sufficient time for Plaintiff to receive the documents and respond.

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion to Cure Deficiency (Doc. 59)***, is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the Clerk will re-send Documents 38, 40, 44, 48, 50, 51, 52, 53, and 54 to Plaintiff's address of record.  The Court will not provide any more duplicate copies of documents to Plaintiff which have already been served on him as shown on the Notices of Electronic Filing,  absent a showing that Plaintiff's mail is not being delivered to him.

**IT IS FURTHER ORDERED** that ***Plaintiff's Motion for Order Directing Defendant Charles Guffey to Remail his Pleading and Motions (Doc. 60)***, is **DENIED as moot**.

**IT IS SO ORDERED.**


_Lourdes a. Martinez_

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**